IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL WILLIAMS,

    Petitioner,                    No. CIV S-06-1546 GEB GGH P

   vs.

CLAUDE E. FINN,

    Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2005 conviction for the prison disciplinary of unlawful influence of staff in violation of Cal. Code Regs. tit. 15, § 3013. Petitioner alleges that he was denied witnesses, the hearing officer was biased and there was insufficient evidence to support his conviction. For the following reasons, the court orders further briefing by respondent.

        In the answer filed August 31, 2006, respondent first argues that the petition should be dismissed because the disciplinary conviction does not implicate the legality or duration of petitioner's confinement because he passed his minimum eligible parole date (MEPD). Any forfeiture of credit can only effect petitioner's MEPD.

/////

1    "Habeas corpus jurisdiction...exists when a petitioner seeks expungement of a
2 disciplinary finding from his record if expungement is likely to accelerate the prisoner's
3 eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).  In his reply,
4 petitioner states that following his 2006 parole suitability hearing, the at-issue disciplinary
5 conviction was used to deny him a suitability hearing for 3 years.  Accordingly, the court finds
6 that expungement of this disciplinary is likely to accelerate petitioner's eligibility for parole.

7    In claim one, petitioner alleges that he was not allowed to call witnesses at the
8 disciplinary hearing.  A prisoner facing disciplinary charges is allowed to call witnesses.  Wolff
9 v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963 (1974).  Prison officials may deny a prisoner's
10 request to present witnesses if the witnesses' testimony would be irrelevant, unnecessary or
11 hazardous to the institution.  Id. at 566, 94 S.Ct. 2963.

12    To put petitioner's claim in context, the court will briefly summarize the charges
13 against him.  At the hearing, Dr. Prine testified that on May 13, 2005, at 10:00 a.m. he and
14 petitioner were alone by the copy machine.  Answer, Exhibit B.  Dr. Prine testified that petitioner
15 told him that he would give him 200 stamps if Dr. Prine would get him a cell phone.  Id.

16    Petitioner claims that he was denied his request to call several witnesses who
17 would have testified as, in essence, alibi witnesses.  In the petition and reply, petitioner states that
18 before the hearing he was told to identify four witnesses, and that he could name the rest of his
19 witnesses at the hearing. The rules violation report states that his request for Dr. Dhaliwal, Dr.
20 Hansen, Dr. Bills and Dr. Pique to testify as witnesses was denied because they did not have
21 pertinent information.  In the petition and traverse, petitioner alleges that he requested other
22 witnesses who would have testified that on May 13, 2005, at 10:00 a.m. he was in the West Hall
23 dining room doing screenings.  These proposed witnesses were K. Martin, Correctional Officer
24 Sherman and J. Young.

25    Attached to the petition and reply as exhibits are petitioner's questions for some
26 of these proposed witnesses.  The questions addressed to Dr. Dhaliwal and Hansen are not

relevant to the at-issue disciplinary.  The questions addressed to Dr. Bills, J. Young, K. Martin and Officer Sherman are relevant as they concern petitioner's whereabouts at approximately 10:00 a.m. on May 13, 2005.  Petitioner has submitted no questions for Dr. Pique.

If Dr. Bills, J. Young, K. Martin or Officer Sherman had information that petitioner was not in the area of the copy machine at approximately 10:00 a.m. on May 13, 2005, petitioner may be entitled to habeas relief.  So that the court may determine whether an evidentiary hearing is warranted, respondent shall obtain brief declarations from Dr. Bills, J. Young, K. Martin and Officer Sherman regarding their knowledge of petitioner's whereabouts at this time.

Accordingly, IT IS HEREBY ORDERED that within forty-five days of the date of this order, respondent shall file the further information discussed above.

DATED:  5/16/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

will1546.fb