IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL WILLIAMS,

    Petitioner,　　　　　　　　　　No. CIV S-06-1546 GEB GGH P

  vs.

CLAUDE E. FINN,

    Respondent.　　　　　　　　　ORDER

_____/

       Petitioner is a state prisoner proceeding pro se with petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2005 conviction for the prison disciplinary of unlawful influence of staff in violation of Cal. Code Regs. tit. 15, § 3013. Petitioner alleges that he was denied witnesses, the hearing officer was biased, and that there was insufficient evidence to support his conviction. For the following reasons, the court orders an evidentiary hearing as to plaintiff's claim that he was denied witnesses.

       In claim one, petitioner alleges that he was not allowed to call witnesses at the disciplinary hearing. A prisoner facing disciplinary charges is allowed to call witnesses. Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963 (1974). Prison officials may deny a prisoner's request to present witnesses if the witnesses' testimony would be irrelevant, unnecessary or hazardous to the institution. Id. at 566, 94 S.Ct. 2963.

At the disciplinary hearing, Dr. Prine testified that on May 13, 2005, at approximately 10:00 a.m. he and petitioner were alone by the copy machine. Answer, Exhibit B. Dr. Prine testified that petitioner told him that he would give him $200 in stamps if Dr. Prine would get him a cell phone. Id.

In the instant petition, petitioner claims that he was denied his request to call several witnesses who would have testified as, in essence, alibi witnesses. In the petition and reply, petitioner states that before the hearing he was told to identify four witnesses, and that he could name the rest of the witnesses at the hearing. The rules violation report states that petitioner's request for Dr. Dhaliwal, Dr. Hansen, Dr. Bills and Dr. Pique to testify as witnesses was denied because they had no pertinent information. In the petition and traverse, petitioner alleges that he requested four additional witnesses who would have testified that on May 13, 2005, at 10:00 a.m. he was in the West Hall dining room doing screenings. These proposed witnesses were K. Martin, S. Sherman and Dr. Young. His request to call these additional witnesses was allegedly denied.

Attached to the petition and reply as exhibits are petitioner's questions for some of these proposed witnesses. The questions addressed to Dr. Dhaliwal and Hansen are not relevant to the at-issue disciplinary. The questions addressed to Dr. Bills, Dr. Young, K. Martin and Officer Sherman are relevant as they concern petitioner's whereabouts at approximately 10:00 a.m. on May 13, 2005. Petitioner submitted no questions for Dr. Pique.

On May 16, 2007, the court ordered respondent to obtain declarations from Dr. Bills, Dr. Young, K. Martin and Officer Sherman regarding their knowledge of petitioner's whereabouts on May 13, 2005, at approximately 10:00 a.m. On July 13, 2007, respondent submitted declarations from these persons. K. Martin states that she is not familiar with petitioner and has no recollection of the May 13, 2005, incident. S. Sherman and Dr. Young state that they are familiar with petitioner and the May 13, 2005, incident. However, neither S. Sherman nor Dr. Young knows if plaintiff was in the West Hall doing screenings at 10:00 a.m.

that day. Respondent's counsel was unable to locate Dr. Bills.

On August 8, 2007, petitioner filed a motion to compel. Petitioner states that K. Martin's declaration is false because she knows petitioner. Petitioner states that he and K. Martin participated in a youth diversion group and worked together for ten years. Petitioner states that K. Martin stopped speaking to petitioner after he was found guilty of the at-issue disciplinary. Petitioner also claims that on May 13, 2005, K. Martin was the officer of the housing unit and should have kept a log showing inmate movement.

Although petitioner's habeas petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which limits a district court's discretion to conduct evidentiary hearings, see 28 U.S.C. § 2254(e)(2)(providing that petitioners who fail to develop the facts in state court may not obtain an evidentiary hearing in district court except in limited circumstances), this court assesses the availability of an evidentiary hearing under pre-AEDPA law because petitioner exercised sufficient diligence in seeking to develop the factual basis of his claim in state court. Williams v. Taylor, 529 U.S. 420, 437, 120 S.Ct. 1479 (2000)("If there has been no lack of diligence at the relevant stages of the state court proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements.").

Ordinary diligence requires that petitioner seek an evidentiary hearing in state court in the manner prescribed by state law. Id. Under California law, an appellate court, when presented with a state habeas petition, determines whether an evidentiary hearing is warranted only after the parties file formal pleadings, if they are ordered to do so. Horton v. Mayle, 408 F.3d 570, 582 (9th Cir. 2005), citing People v. Duvall, 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252, 1258-61 (1995); People v. Romero, 8 Cal.4th 728, 35 Cal.Rptr.2d 270, 883, P.2d 388, 391-94 (1994).

/////

/////

1    In the instant case, the San Joaquin County Superior Court and the California
2 Supreme Court denied petitioner's state habeas petitions without ordering formal pleadings.
3 Respondent's July 30, 2007, pleading, Exhibits H(1), H(2) and I.  Because petitioner did not
4 reach the stage of the proceedings at which an evidentiary hearing should be requested, he has
5 not shown a lack of diligence at the relevant stages of the state court proceedings and is not
6 subject to AEDPA's restriction on evidentiary hearings.

7    "Under pre-AEDPA law, a habeas petitioner is entitled to an evidentiary hearing
8 on a claim where the facts are in dispute if 1) he has alleged facts that, if proven, would entitle
9 him to relief, and 2) he did not receive a full and fair evidentiary hearing in state court.  See Silva
10 v. Calderon, 279 F.3d 825, 853 (9th Cir. 2002).

11    Petitioner alleges that he was denied his request to call witnesses.  Petitioner is
12 not entitled to an evidentiary hearing as to Dr. Bills because he cannot be located.  Petitioner is
13 also not entitled to an evidentiary hearing as to S. Sherman and Dr. Young because they have no
14 knowledge regarding the May 13, 2005, incident.

15    Petitioner alleges that K. Martin knows him and has knowledge of his
16 whereabouts on May 13, 2005, at approximately 10:00 a.m.  In contrast, in her declaration K.
17 Martin claims to not know petitioner or have knowledge of the incident.  The credibility of K.
18 Martin is clearly at issue.  Petitioner has alleged facts regarding K. Martin which, if true, would
19 entitle him to relief and did not receive a full and fair evidentiary hearing in state court.
20 Accordingly, the court orders an evidentiary hearing as to K. Martin's knowledge of the incident.

21    In the motion to compel, petitioner also seeks the personnel file of Dr. Prine.  Dr.
22 Prine's personnel file is not relevant to the issues raised in this petition.  Accordingly, this
23 request is denied.
24 /////
25 /////
26 /////

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  Petitioner's August 8, 2007, motion to compel is denied to the extent it seeks Dr. Prine's personnel file;

4       2.  An evidentiary hearing is set for March 17, 2008, at 9:00 a.m. before the undersigned.

DATED: 01/22/08                              /s/ Gregory G. Hollows

                                        UNITED STATES MAGISTRATE JUDGE

will1546.ord