IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL WILLIAMS,

        Petitioner,             No. CIV S-06-1546 GEB GGH P

     vs.

CLAUDE E. FINN,

        Respondent.         <u>ORDER</u>

_____/

        On June 5, 2008, a hearing was held before the undersigned regarding petitioner's April 24, 2008, motion for discovery. Carolyn Wiggin appeared on behalf of petitioner. Maria Chan appeared on behalf of respondent. For the following reasons, petitioner's motion is denied.

        To put petitioner's motion in context, the court sets forth the following background information. Petitioner challenges his 2005 conviction for the prison disciplinary of unlawful influence of staff in violation of Cal. Code Regs. tit. 15, § 3013. Petitioner alleges that he was denied witnesses, the hearing officer was biased, and that there was insufficient evidence to support his conviction. On January 22, 2008, the court ordered an evidentiary hearing as to the claim that petitioner was denied witnesses.

/////

1

A prisoner facing disciplinary charges is allowed to call witnesses.  Wolff v. McDonnell, 418 US. 539, 566, 94 S.Ct. 2963 (1974).  Prison officials may deny a prisoner's request to present witnesses if the witnesses' testimony would be irrelevant, unnecessary or hazardous to the institution.  Id. at 566, 94 S.Ct. 2963.

At the disciplinary hearing, Dr. Prine testified that on May 13, 2005, at approximately 10:00 a.m. he and petitioner were alone in the copy machine room.  Answer, Exhibit B.  Dr. Prine testified that petitioner told him that he would give him $200 in stamps if Dr. Prine would get him a cell phone.  Id.  Petitioner was convicted based on Dr. Prine's testimony.

Petitioner claims that his request to call witnesses, including Ms. Bills and K. Martin, was improperly denied.  Petitioner claims that Ms. Bills and K. Martin would have testified that he was not in the copy machine room at approximately 10:00 a.m. on May 13, 2005. Petitioner claims that at that time, he was working in the New Psych Building helping to conduct psychologist/psychiatric screenings.  Petitioner claims that Ms. Bills and K. Martin could have testified he was working in the New Psych Building at this time.

On July 13, 2007, respondent submitted the declaration of K. Martin who stated that he was not familiar with petitioner and had no recollection of the May 13, 2005, incident. Respondent stated that no declaration from Ms. Bills could be provided because she could not be located.  On August 8, 2007, petitioner filed a motion to compel claiming that K. Martin did know him.  Petitioner claimed that he and K. Martin worked in the Straight Life Program together.

In the January 10, 2008, order, the court found that an evidentiary hearing was required to address K. Martin's knowledge of the incident.  On March 25, 2008, the court appointed counsel to represent petitioner at the evidentiary hearing.

The pending motion for discovery contains seven requests:

1.  All documents and/or electronically stored information that have not already

been filed in this matter and that pertain to the serious rules violation charges brought as a result of Dr. Prine's claim that Mr. Williams tried to bribe him on May 13, 2005.  This includes materials related to the decision to file charges, the results of any investigation conducted by prison staff, the decisions to remove Mr. Williams from his housing and work assignments as a result of the accusation, and disposition of the charges.

2.  All documents and/or electronically stored information that would show activity on the computer used by the inmates in the "New R.C. Psych Building" on May 13, 2005.

3. All documents and/or electronically stored information showing at what time the inmates in the "East Hall" and/or "West Hall" were locked up on the morning of May 13, 2005, as that would help Mr. Williams establish the time at which he and the prison staff arrived in the East Hall or West Hall to conduct psychological/psychiatric screenings that day.

4.  All documents and/or electronically stored information that reflect the activities of the "S & E Officer of the Day" on May 13, 2005.

5.  All documents and/or electronically stored information that show when inmates or prison staff entered or exited the East Hall or West Hall on May 13, 2005.

6.  All documents and/or electronically stored information generated from 1998 through the end of 2005 that is related to the "Straight Life Program" at Deuel Vocational Institution (DVI).

7.  All documents and/or electronically stored information regarding current contact information for Suzanne Bills, a licensed clinical social worker who was employed by DVI at the time of the incident and who Mr. Williams sought to call as a witness.

On May 16, 2008, respondent filed an opposition to the pending motion. Attached to the motion is a new declaration by K. Martin who now states that he does, in fact, know petitioner but that at the time he prepared his earlier declaration he did not remember him. K. Martin states that he has no knowledge of the events of May 13, 2005.

Unlike ordinary civil actions, discovery in habeas corpus requires good cause. Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 1797 (1997).   A party seeking discovery should demonstrate specific facts indicating that the sought discovery may well advance the party's cause.  Speculation that discovery might advance the cause is insufficient.  Id. at 909, 117 S.Ct. 1793, 1799.  Moreover, "advancing the cause" means that the discovery must advance the

requestor's knowledge on the issues pertinent to *cognizable* habeas corpus issues.  For example, discovery requested here which is directed towards a relitigation of the entire underlying proceeding, even though the habeas corpus due process issues are much more limited, is decidedly improper.

Request no. 1 essentially seeks all documents related to the disciplinary proceedings against petitioner.  At the hearing, respondent's counsel stated that petitioner had all relevant documents.  Accordingly, this request is denied as unnecessary.

Petitioner argues that request nos. 2, 3, 4 and 5 would assist him in establishing a timeline for his whereabouts on May 13, 2005.  Petitioner claims that establishing this timeline would show that defendant Martin lied when he claimed that he did not know petitioner.

Because K. Martin now admits that he knows petitioner, request nos. 2-5 are denied to the extent the documents are sought to demonstrate that K. Martin was not telling the truth in the first declaration.

At the June 5, 2005, hearing, petitioner's counsel argued that the documents sought in request nos. 2-5 could be used at the evidentiary hearing to refresh K. Martin's recollection regarding the events of May 5, 2005.  Whether the documents would refresh K. Martin's memory regarding what he recollected in May 2005 is very speculative.  If K. Martin cannot recall these events now, it is very unlikely that he would have had probative testimony in May 2005.  More importantly, the type of documents sought appear to have nothing to do with K. Martin.  Accordingly, since discovery in habeas corpus requires good cause, these requests are denied.

Petitioner argues that request no. 6 will demonstrate that K. Martin knew him from the Straight Life Program.  Because K. Martin now admits that he knows petitioner, this request is denied as unnecessary.

Petitioner argues that request no. 7 will assist his claim that Ms. Bills would have provided testimony in support of his defense.  On June 4, 2008, petitioner filed a request to

1  expand the record.  Petitioner located Ms. Bills and sought to expand the record with her

2  declaration.  Because petitioner has located Ms. Bills, request no. 7 is denied as unnecessary.

3          As discussed at the June 5, 2005, hearing, an evidentiary hearing will be set at

4  which petitioner may call K. Martin and Ms. Bills as witnesses.  For this reason, petitioner's

5  request to expand the record to include the declaration of Ms. Bills is denied as unnecessary.

6          Accordingly, IT IS HEREBY ORDERED that:

7      1.  Petitioner's April 24, 2008, motion for discovery is denied;

8      2.  Petitioner's June 4, 2008, request to expand the record is denied.

9  DATED: 06/23/08

10          /s/ Gregory G. Hollows

11          _____

        UNITED STATES MAGISTRATE JUDGE

will1546.dis

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26